Curia.

The first question arising in the case is, whether such notice has, or has not, been given to the defendants, as will charge them as endorsers. In the case of Jones vs. Fales, (1) it was decided that notice to the endorsers was a privilege which they might waive, or which they might agree should be given in any particular way different from that to which they would be entitled by law, and that they should be bound by such agreement; and, furthei, [*451 ] *that this agreement might be inferred by a jury from the endorser’s cognizance of, and conformity to, a general usage as to notice. Upon this ground, therefore, we cannot decide *369 that there was not sufficient notice to charge the defendants. But in this case there is no occasion to resort to the usage, to support the notice ; for as the note was payable, with grace, on the day when it became due, the maker being then out of the country, the plaintiff was excused from demanding payment of him ; and on the same day the defendants had notice that the note was unpaid, and were requested to pay it; they cannot, therefore, prevail upon this objection for the want of notice.
Emery for the plaintiff.
As to the other point made in the defence, it has been settled (2) that a party to a usurious negotiable security cannot be a witness t.o defeat the security on the ground of usury. Cummings’s testimony cannot, therefore, be received. If it were, it would not support the allegations stated; for he relates them only on the information of the broker, who declares that he has no recollection of the transaction whatever; although he believes Cummings to be an honest man. The evidence is, therefore, hearsay, and could not be admitted.
According to the agreement of the parties, the defendants must be called.

Defendants defaulted.

4-10"> 4 Mass. Rep. 251.

 4 Mass. Rep. 156, Churchill vs. Suter. [See Barker vs. Prentiss, ante, p. 434, and the cases and notes there referred o. — Ed.]