Per Curiam.

The only question necessary to be decided in this case is, whether Ward, the promisee in the note, and the endorser of it to the plaintiff’s testator, is a competent witness to prove usury between him and his endorsee in the transfer; (a) and we are clearly of opinion that he is not.
It having been decided, in the case of Churchill vs. Suter, which was cited in the argument, that a party, who has by his signature given credit and currency to a negotiable instrument, shall not be admitted as a witness to impeach that instrument on the ground of *492 fraud or other illegality, we refer to that case for the reasons on which the decision was founded. They were ably and succinctly stated by the late Chief Justice Parsons. He took occasion to compare the conflicting opinions upon this question in the English decisions, and to state the law in this commonwealth in a manner perfectly clear and satisfactory. (b)
That case has ever since been resorted to, as furnishing the rule of evidence on subjects of this nature ; and it can be distinguished from the case at bar only as that was a case of usury in the origin of the note, and this in the transfer. This circumstance probably occasioned the doubt in the mind of the judge who tried this cause, and induced him to save the question. There the endorsee was presented as a witness, and rejected upon the ground of public policy, and the antecedent usage of this state. Here it is the endorser who is offered to prove the usury ; and he must be rejected on similar grounds. The verdict is set aside, and a new trial is ordered.
ADDITIONAL NOTE.
[In an action by the endorsee, against the payee and accommodation endorser of a note, the maker, being released by the defendant, is a competent witness to 'prove usury between the parties to the suit. — Van Schaack vs. Stafford, 12 Pick. 565.
A party to a negotiable note is not a witness to prove usury, though the maker-of an accommodation note, and though the note has been delivered up to the real debtor, on his giving a recognizance to the creditor for the amount. The rule applies, also, not only to the case of an innocent endorsee, but where the usurer himself is a party. — Chandler vs. Morton, 5 Greenl. 374.
Action by the assignee against the maker of a note. Held, the payee, called as a witness by the defendant, was privileged from answering -questions, asked for the purpose of proving any agreement respecting the note or its consideration, or any payment to him; the defendant having avowed that his defence was usury, taken by the witness. — Burns vs. Kempshall, 24 Wend. 360.
See American, &c., vs. Jenness, 2 Metc. 288. — Thayer vs. Crossman, 1 Metc. 416. —- Aaams vs. Carver, 6 Greenl. 390. — Jackson vs. Packard, 6 Wend. 415. — Harrisburg, &c., vs. Forster, 8 Watts, 304. — F. H.]

 [In Knights vs. Putnam, (3 Pick. 384,) it was held that usury between the endorser and endorsee was no defence in a suit by the endorsee against the maker And this case was so far overruled. But in Lowes Al. vs. Mazzaredo Al., (1 Stark. R. 385,) it was held by the Court of King's Bench, that tile endorsement in a like case was rendered utterly void by the statute; and that, as it could not be dismissed for one purpose and retained for another, a bond fide holder making title through it could not recover. So, also, it has been held in Connecticut. See Lloyd vs. Leach, 2 Conn. Rep. 175, where the subject is learnedly discussed, and the authorise* there referred to. — Ed.]

 [See Widgery vs. Munroe & Al. 6 Mass. Rep. 449. — Jones vs. Cooledge, 7 Mass. Rep. 199. — President, &c., Hartford Bank vs. Barry, 17 Mass. Rep. 94.— Packard vs. Richardson & Al. 17 Mass. Rep. 122. — Fox & Al. vs. Whitney, 16 Mass. Rep. 118 — The rule in England is clearly settled otherwise. — Jordanie vs. Lashbroke, 7 T. R. 601. — Rich vs. Topping & Al. Peake, N. P. R. 224. — 1 Esp. N. P. C. 176. — Brand vs. Ackerman, 5 Esp. 119. — Kent vs. Lowden, 1 Camp. 177.— And see the elementary writers. — Chitty, 6th ed. 413. — Peake, Ev. 4th ed. 255. — 2 Stark. Ev. 298 Phil. Ev. 7th ed. vol. ii. p. 20. — Ed.]