## WILLIAM KNIGHTS *versus* SAMUEL PUTNAM.

Usury between the indorser and indorsee in the transfer of a promissory note, cannot
be set up in defence to an action by the indorsee against the maker; consequently
the indorser cannot be admitted as a witness to prove such usury.

In an action by the indorsee against the maker of a note indorsed in plank, the in-
dorser, although he may have released his claims upon the note, is not a competent
witness to prove that it was pledged to the indorsee as collateral security for a debt
less than the amount of it.

ASSUMPSIT upon a promissory note made by the defend-
ant, payable to W. Putnam or order, and by him indorsed to
the plaintiff. Plea, the general issue.

At the trial, before *Putnam* J., the defendant offered the
indorser as a witness, to prove that the consideration of the
indorsement was usurious ; but he was rejected as incompe-
tent, on the authority of *Manning v. Wheatland*, 10 Mass.
R. 502.

The indorser had released to the defendant all his claims
upon the note, and the defendant offered to prove by him that
the note was pledged to the plaintiff as collateral security for a
debt much less than the amount of it, contending that the
plaintiff ought not to recover more than the amount of such
debt. This evidence was considered as irrelevant and was
rejected.

A verdict was returned for the plaintiff, but if either of
these determinations was incorrect, a new trial was to be
granted.

*Sept. 27th.*   The cause was argued for the defendant by *A. Brooks*, who
cited *Powell v. Waters*, 17 Johns. R. 176 ; *Fox v. Whitney*,
16 Mass. R. 118 ; and for the plaintiff by *Wells*, who relied
on *Manning v. Wheatland*, and *Butler v. Damon*, 15 Mass.
R. 223.

question of usury, the case of *Manning* v. *Wheatland* is directly in point. But the authority of that case has been questioned, and the objection to the doctrine, as it was there laid down, is entitled to great consideration.

The witness was held to be incompetent, not because he was interested, but on the ground of legal policy, which will not permit one, who has transferred a negotiable security as valid, to invalidate it by his testimony.[1] But in that case, as in this, there was no illegality in the original contract, and no usury except in the transfer, in which the plaintiff himself was the guilty party. No deception therefore was practised on him. The note was a valid contract ; precisely what he supposed it to be at the time of the transfer.

But notwithstanding these objections, we are of opinion that the case of *Manning* v. *Wheatland* was rightly decided. For if the witness was competent, we consider the point to which he was called to testify as immaterial, and that consequently his testimony was properly excluded. We are aware there are conflicting opinions and contradicting decisions on this point, but after examining all the cases we are satisfied that the defendant cannot avail himself of the defence of usury, and that a note, valid in its inception, may be recovered against the maker, by an indorsee, although discounted by him at a rate exceeding legal interest.[2]

It is a well established principle, that if a note or security is valid when made, no usurious transaction afterwards between

---

[1] *Bank of United States* v. *Dunn*, 6 Peters's Sup. Ct. R. 51; *Widgery* v. *Munroe*, 6 Mass. R. 449; *Jones* v. *Coolidge*, 7 Mass. R. 199; *President &c. of Hartford Bank* v. *Barry*, 17 Mass. R. 94; *Packard* v. *Richardson*, 17 Mass. R. 122; *Fox* v. *Whitney*, 16 Mass. R. 118. See *Stafford* v. *Rice*, 5 Cowen, 23 ; *Bank of Utica* v. *Hillard*, 5 Cowen, 153; *Tuthill* v. *Davis*, 20 Johns. R. 285; *Hunt* v. *Edwards*, 4 Harr. & Johns. 283. But in an action by the plaintiff against the payee of a note which was indorsed for the accommodation of the maker by the payee, the maker, being released by the defendant, was held to be a competent witness to prove the usury. *Van Shaack* v. *Stafford*, 12 Pick. 565; *Powell* v. *Waters*, 17 Johns. R. 176; *S. C.* 8 Cowen, 669; *Myers* v. *Palmer*, 18 Johns R. 167 ; *Townsend* v. *Bush*, 1 Connect. R. 260. But see *Chandler* v. *Morton*, 5 Greenl. 374 ; *Griffith* v. *Reford*, 1 Rawle, 196.

[2] But see *Lloyd* v. *Scott*, 4 Peters's Sup Ct. R. 224; *Lowes* v. *Massaredo*, 1 Stark. R. 385.

17*

Knights
v.
Putnam.

the parties or privies will affect its validity. *Ferrall* v. *Shaen* 1 Saund. 295, Williams's note.[3]

But it is objected, that as the transfer is usurious, the plaintiff's title fails, although the original contract remains good, and that he cannot derive title from an illegal transaction, in which he was a guilty party. This objection would have weight, if a usurious contract were *malum in se* or merely void. But it has been frequently held, that a contract contaminated with usury is only voidable by the party injured or those claiming under him.[4]

Now it is manifest that the maker of a note is not affected by a usurious agreement between the indorser and indorsee. He is liable on his contract, and it is immaterial to him whether the action be brought in the name of the indorser or in that of the indorsee. But I hold further, that the transfer of a note on a usurious consideration is neither void nor voidable. So far as the indorsement operates as a transfer of the note it is an executed contract, and the statute against usury is not applicable. It only applies to the implied promise or guaranty of the indorser, which being an executory contract may be avoided. But in no case can an executed contract be set aside on the plea of usury. It is not, however, necessary to insist on this distinction for the purpose of sustaining the present verdict. It is sufficient for this purpose, that the transfer is voidable only, and that it is not competent for the defendant, he not being a party to the transfer, to avoid it. The note being free from usury between the immediate parties to it, no after transaction with another person can, as respects those persons, invalidate it.[1]

---

[3] *Nichols* v. *Fearson*, 7 Peters's Sup. Ct. R. 103; *Gaither* v. *The Farmers and Mechanics Bank of Georgetown*, 1 Peters's Sup. Ct. R. 37; *Merrills* v. *Law*, 9 Cowen, 65; *Tate* v. *Wellings*, 3 T. R. 539; *Pollard* v. *Scholy*, Cro. Eliz. 20; *Gray* v. *Fowler*, 1 H. Bl. 462; *Mathews* v. *Lewis*, 1 Anstr. 7; *Parker* v. *Ramsbottom*, 3 Barn. & Cressw. 257, 270; *S. C.* 5 Dowl. & Ryl. 138, 151; *Gardner* v. *Flagg*, 8 Mass. R. 101; *Thompson* v. *Woodbridge*, 8 Mass. R. 256.

[4] In *Reading* v. *Weston*, 7 Connect. R. 409, it was held that no person other than the *oppressed* party to a usurious contract, can avoid such contract on the ground of usury. But see *Lloyd* v. *Scott*, 4 Peters's Sup. Ct R 224; *Fields* v. *Gorham*, 4 Day, 251; *Lloyd* v. *Keach*, 2 Connect R. 175.

[1] *Nichols* v. *Fearson*, 7 Peters's Sup. Ct. R. 103

In New York, this principle is fully established by repeated decisions. The cases of *Bush* v. *Livingston*, 2 Caines's Cas. in Err. 66, and *Braman* v. *Hess*, 13 Johns. R. 52, and *Munn* v. *Commission Company*, 15 Johns. R. 44, are directly in point.[2]  The only case which has been decided on a contrary doctrine is that of *Lloyd* v. *Keach*, 2 Connect. R. 175.  It is somewhat remarkable, that in this case and in the case of *Munn* v. *Commission Co.* it is said the point under consideration was too clear to be questioned, although the two decisions are directly contradictory.  The cases referred to by *Gould* J. as establishing the principle laid down in the case of *Lloyd* v. *Keach*, do not appear to me at all decisive.  It is true in those cases the law seems to be taken for granted as it is laid down by the learned judge in the case of *Lloyd* v. *Keach*.  But he does not appear to have taken into consideration an important distinction in relation to these cases, between notes or bills given on a valuable consideration, and in the usual course of business, and accommodation notes or bills, made for the purpose of raising money, and not existing as valid contracts before they are discounted.  The distinction is noticed and the law correctly stated by *Spencer* J. in the case of *Munn* v *Commission Co.*  He says " it is clear, that if a bill or note be made for the purpose of raising money upon it, and it is discounted at a higher premium than the legal rate of interest, and where none of the parties whose names are on it, can, as between themselves, maintain a suit on the bill when it becomes mature, provided it had not been discounted ; that then such discounting of the bill would be usurious and the bill would be void."  The reason of the distinction is obvious.  In the case supposed the bill or note is mere waste paper before it is discounted ; it is then that it first exists as a contract, and if tainted with usury, it is voidable even in the hands of a *bonâ*

<div style="text-align: right; font-style: italic;">

Knights
v
Putnam.

</div>

<div style="text-align: right;">187</div>

---

[2] A note valid in its inception may be bought and sold in New York, as a chattel, at its value, real or supposed.  *Kent* v. *Walton*, 7 Wendell, 256 ; *Cram* v. *Hendricks*, id. 569.  So in South Carolina, *Odell* v. *Cook*, 2 Bailey, 59.  See also *Foltz* v. *Mey*, 1 Bay, 486 ; *King* v. *Johnson*, 3 M'Cord, 365.  In Virginia the fair sale of a bond at any discount, is held not to be usurious. *Hansbrough* v. *Baylor*, 2 Munf. 36 ; *Whitworth* v. *Adams*, 5 Randolph, 333 ; *Kenner* v *Hord*, 2 Hen. & Munf. 14

Knights
v.
Putnam.

*fide* holder.[1]  The cases of *Jones* v. *Brooke*, 4 Taunt. 464 and the case of *Churchill* v. *Suter*, cited by *Gould* J., fall within this class of cases, and whether the other cases referred to were business notes or bills, or were made for the purpose of raising money, does not appear.  Besides, these are *nisi prius* cases, and not at all decisive, nor can opinions incidentally expressed, and in support of which no reasons are given, be entitled to much weight of authority.

In the case of *Parr* v. *Eliason*, 1 East, 92, it was decided that a bill, free from usury in its concoction, may be sold at a discount greater than the legal rate of interest, without avoiding the bill in the hands of a *bonâ fide* holder.  That was an action of trover, and it seems to be implied that if it had been brought against the immediate indorsee, who was a party to the usurious transfer, it might have been maintained.  But this is decided only by inference, and it was a point not involved in the decision of that case.  But if the inference be admitted to be just, it does not follow that the maker of the bill can take advantage of the usury.  If the transfer was voidable only, and Lord *Kenyon* clearly so considers it, for he likens it to a sale which is fraudulent against creditors, I see no legal reason why the maker of the note should be allowed to avoid it.  If however the transfer is merely void, as *Gould* J. contends, then the case of *Parr* v. *Eliason* cannot be supported, for the *bonâ fide* holder in that case had no right to the bill.  The transfer being void is a mere nullity, and it was immaterial whether the holder was or was not a party to the usurious transfer.  This is the necessary legal consequence of considering the transfer as absolutely void ; it is opposed to the current of the English authorities, and cannot be maintained either on principle or authority.[2]

As to the other point, we think the witness rightly rejected. The indorsement being unqualified in terms is not to be qualified

---

[1] *Sauerwein* v. *Brunner*, 1 Harr. & Gill, 477; *Odell* v. *Cook*, 2 Bailey, 59; *Dewes* v. *Eastham*, 2 Yerger, 463 ; *Powell* v. *Waters*, 8 Cowen, 690 ; *Nichols* v. *Feurson*, 7 Peters's Sup. Ct. R. 103; *Thomas* v. *Catherall*, 5 Gill & Johns. 23.  But see *Whitworth* v. *Adams*, 5 Randolph, 333.

[2] The courts of Kentucky have recognised the validity of a transfer between the assignor and the assignee, of a bond, in a case of admitted usury *Littell* v. *Herd*, Hardin, 82.

or restricted by the testimony of the indorser, establishing an interest in the note in himself or in his assignee. It would be a dangerous proposition to maintain that the holder of a note indorsed absolutely or in blank should be liable to have it thus impeached.

If the note were pledged, and the indorser is entitled to a surplus, an action will lie in his name to recover it, but such a right cannot be established by his own testimony accompanied with a release to the defendant in order to affect the plaintiff's legal title to the note.

*Judgment according to verdict.*