### JONATHAN BUCK *vs.* JAMES APPLETON *et al.*

Notes made payable at a particular bank, but not discounted by any bank, or left therein for collection, are not entitled to grace by the st. of 1824, c. 272.

The words, we waive notice, written over the names of several indorsers of a note, are *prima facie* evidence of a waiver of notice by such indorser; and the burden of proof is on him to show, that the words were placed there under such circumstances, that they are not binding upon him.

The rule, which excludes parol testimony, offered to explain or vary that which is in writing, does not apply to proof of a fraudulent or unauthorized alteration of a written instrument, varying the liability of one or more of the contracting parties.

The objection, that a party to a negotiable instrument cannot be admitted as a witness to prove it void, extends only to proof, that it was void when originally made.

The indorser of a note, if without interest, is a competent witness to prove any fact, which does not show the note void in its inception.

EXCEPTIONS from the Court of Common Pleas, *Whitman C. J.* presiding.

*Assumpsit* against *James Appleton* and *James Appleton, Jr.*, as partners in trade in the name of *J. & J. Appleton*, and as third indorsers of a promissory note of which a copy follows:

"$2493. *Bangor, June* 11, 1835.

"One year after date, I promise to pay to the order of *Selden Huntington*, twenty-four hundred ninety-three dollars with interest, at the *People's* Bank, *Bangor*, value received.

"*James Bell.*"

On the back of the note were the following indorsements:

"*Selden Huntington.*

"We waive notice.

"*J. W. Appleton.*

"*J. & J. Appleton.*

"*F. Tinkham.*"

The note was not left at any bank for collection, but was carried to the *People's* Bank on the day it was supposed to fall due, and protested for non-payment. After proof of the signatures, the plaintiff offered to read the note to the jury. The counsel for the defendants objected, stating that the words, "we waive notice," were put on the note after the indorsement by the defendants, and

Buck *v.* Appleton.

without their assent or knowledge; and insisting that it was incumbent on the plaintiff to prove, that the words were on the note when indorsed by the defendants, or put there with their assent. The Judge overruled this objection, and permitted the note to be read to the jury. The defendants offered *John W. Appleton,* one of the indorsers of the note, after having released him from all claim they had on him, as indorser, who testified, that the words, " we waive notice," were on the note before it went into the hands of the plaintiff; and the defendants proposed further to prove by said *J. W. Appleton,* that those words were not on the note when it was indorsed by the defendants, but were placed there subsequently, and without their knowledge or consent, and that those words were placed there by himself at the request of the broker who purchased the note of him, and that he intended to waive notice only to himself and *Huntington,* who was the owner of the note, and for whom the witness acted; and that the witness indorsed the note for the accommodation of *Huntington.* To the admission of this testimony the plaintiff objected, and the Judge ruled, that it was inadmissible; *the witness being an indorser of the note, and the testimony tending to explain a written contract.* The verdict was for the plaintiff, and the defendant excepted to the ruling of the Judge. There were several other questions raised on the exceptions, unnecessary to be stated, as they were not embraced in the opinion of the Court.

The case was argued in writing with much force by *Fessenden & Deblois,* for the defendants, and by *W. P. Fessenden,* for the plaintiff.

For the defendants, it was insisted:

1. The note, being made payable at the *People's* Bank in one year after date, is a note entitled to grace, and in effect was payable *June* 14, and not *June* 11. On this point were cited *st.* 1824, *c.* 272; *Smith* v. *Whiting,* 12 *Mass. R.* 6.

2. The inserting or writing over the signature the words " we waive notice," was such a material alteration of the contract as rendered the note void, as against the defendants. 9 *Mass. R.* 1; *ibid,* 155; 8 *Greenl.* 213; 2 *Pick.* 125; 9 *Mass. R.* 205; *Bayley on Bills,* 105, *P. & S. Ed.,* and cases there cited; 2 *Fairf.*

115; 11 *Mass. R.* 309; 8 *Pick.* 246; 4 *T. R.* 320; 5 *T. R.* 537; 4 *Camp.* 180; 2 *South.* 821.

3. If the alteration was material and vacated the note, it was competent to prove it by *J. W. Appleton,* one of the indorsers. The indorser, if without interest, is admissible to prove a fact which does not go to show the note *void in its inception.* The law may be now perfectly well settled, that a party to a negotiable note cannot be received, as a witness to prove it originally void; but is certainly well settled, that it is limited to that extent. *Adams v. Carver,* 6 *Greenl.* 392; *Hartford Bank v. Barry,* 17 *Mass. R.* 94; *Parker v. Hanson,* 7 *Mass. R.* 471; *Spring v. Lovett,* 11 *Pick.* 417; *Van Schaick v. Stafford,* 12 *Pick.* 565; *Baker v. Arnold,* 1 *Caines,* 258; *Bryant v. Rittenbush,* 2 *N. H. Rep.* 212; *Townsend v. Bush,* 1 *Conn.* 260; *Ringold v. Tyson,* 3 *Har. & John.* 172; *Chase v. Taylor,* 4 *Har. & John.* 54; *Powell v. Waters,* 8 *Cowen,* 673; *Stafford v. Rice,* 5 *Cowen,* 23; *Bank of Utica v. Hillard, ibid.* 153; *Williams v. Walbridge,* 3 *Wend.* 415; *Bayley on Bills,* 586, and notes; *Woodhull v. Holmes,* 10 *Johns. R.* 230; *White v. Kibling,* 11 *Johns. R.* 128.

For the plaintiff, it was urged:

1. The note in suit was not entitled to grace, or necessarily payable with grace.

It has long been settled, that a note of hand is not, by the law of *Massachusetts,* entitled to grace, unless it be expressly made payable with grace. *Jones v. Fales,* 4 *Mass. R.* 251. The law of this State is the same unless altered by statute. The *st.* of *Feb.* 23, 1824, *c.* 272, changes the law in this respect only when the note "shall be discounted at any bank, or left therein for collection." The note in suit was neither discounted at any bank, or left therein for collection. *Berkshire Bank v. Jones,* 6 *Mass. R.* 524; *Woodbridge v. Brigham,* 13 *Mass. R.* 556; *Shaw v. Reed,* 12 *Pick.* 132.

2. There has been no such alteration of the paper, as to take away the defendant's liability. A demand and notice are proved, on which we rely, and not on the waiver of them. But as a preliminary to the inquiry, the burthen of proof is on the defendant. He takes the affirmative, and contends there is an alteration, which avoids the note, and he must prove it, and not force us to prove

the negative. If an alteration of a deed be apparent on its face, and there is no evidence to show how it was done, the presumption is, that it was done before the execution. 12 *Viner's Ab.* 58. In case of a bill or note, the rule seems to be, that if there be an apparent alteration, the holder must explain it. *Johnson* v. *Duke of Marlboro'*, 2 *Stark. Cases,* 313; *Henman* v. *Dickerson,* 5 *Bing.* 183. Here there was no apparent alteration, and the plaintiff is not bound to show how the writing came there. But if the words were written at the time and under the circumstances supposed by the counsel for the defendants, they do not prove such alteration, as avoids the note in the hands of an innocent holder. He commented upon the cases cited by the defendant's counsel, and contended that they did not apply to this case, but only to such alterations as go to increase or injuriously to change its effect.

3. But if the testimony of *J. W. Appleton,* the indorser, be admissible, it shows the words were placed there through mere mistake and without any intention to defraud any one, and therefore are wholly immaterial, and cannot avoid the note. *Smith* v. *Dunham,* 8 *Pick.* 246; *Boyd* v. *Brotherson,* 10 *Wend.* 93; *Nevins* v. *De-Grand,* 15 *Mass. R.* 438; *McLellan* v. *Crofton,* 6 *Greenl.* 307.

4. But if the alteration be a material one, and such as would avoid the liability of the defendants, were it proved by proper evidence, still such evidence is not rightly in the case here, because the witness offered, an indorser of the note, is inadmissible to testify to those facts. *J. W. Appleton* was therefore rightly rejected. We conceive the true principle to be that no one, who has given sanction by his name to a negotiable instrument, shall be permitted to testify to any facts impairing the credit and character which he has given to it, in the hands of an innocent holder. All the cases are reconcilable with this principle. The counsel commented on the cases cited for the defendant, and cited *Churchill* v. *Suter,* 4 *Mass. R.* 156; *Adams* v. *Carver,* 6 *Greenl.* 392; *Fox* v. *Whitney,* 16 *Mass. R.* 121; *Warren* v. *Merry,* 3 *Mass. R.* 28; *Chandler* v. *Morton,* 5 *Greenl.* 374; *U. S. Bank* v. *Dunn,* 6 *Peters,* 51; *Bank of Metropolis* v. *Jones,* 8 *Peters,* 12; *Manning* v. *Wheatland,* 10 *Mass. R.* 504. He considered, that the decided cases sustained him in the position, that the rule of exclusion ex-

Buck *v.* Appleton.

tends to all cases, where a witness is offered to allege *his own legal turpitude* for the purpose of invalidating *his own act.*

5. The note is to be considered as made, at the time it was presented to be discounted. It was then first put into circulation by *J. W. Appleton,* and he is excluded from being a witness on the law, as admitted by the defendants. *Hartford Bank* v. *Barry,* 17 *Mass. R.* 97.

After a continuance, the opinion of the Court was drawn up by

Weston C. J. — Notes are entitled to grace by the *statute* of 1824, *c.* 272, when discounted at any bank, or left therein for collection. Such was not the condition of the note in question. It was only made payable at the *People's* Bank ; and it is not by the general law entitled to grace.

The alteration, if made, was material, as this Court has decided in the case of *Farmer* v. *Rand, ante, p.* 225, to which we refer. We there held, that a waiver of demand and notice, written over the signatures, was *prima facie* evidence, that it was done with their privity and assent ; and therefore binding upon them. Such waiver by indorsers, being often required by holders, is not unusual ; and its insertion is not justly to be regarded as such an apparent alteration, as to render proof necessary on the part of the holder, that it was authorized. , Such an entry on the back of a note is not in itself evidence of fraud or forgery, which is in no case to be presumed. If it was on before the defendants indorsed the note, they adopted and authorized it. If made afterwards, without their knowledge or consent, it was an unauthorized alteration. It becomes important therefore to determine, whether the testimony offered, to prove this fact, was legally admissible.

It does not appear, but the note in question was good and valid in the hands of *Huntington,* the payee, and no proof is proposed or offered in the defence, tending to show, either that it was made and signed for the accommodation of the payee, or that it was originally void, or liable to be impeached, before it was indorsed, upon any ground whatever.

The testimony of *John W. Appleton,* one of the indorsers, after his liability had been released, was rejected in the Court below, on the ground, that it went to explain a written instrument. But the

rule, which excludes parol testimony, offered to vary or explain that which is in writing, does not apply to proof of a fraudulent, or unauthorized alteration of a written instrument, varying the liability of one or more of the contracting parties. It may be received to show, that the written evidence is not entitled to the respect, which belongs to that species of testimony, by reason of its having been tampered with, violated or changed. The rejection of the witness, however, has been attempted to be maintained in argument upon another ground, that the witness being a party to the note, cannot be received to impeach, by his testimony, a negotiable instrument, to which he has given currency by the sanction of his name. And this objection is deduced from the rule, established and confirmed in *Massachusetts* by the case of *Churchill* v. *Suter*, 4 *Mass. R.* 156.

It is well known, that the principle, upon which that case was based, has been repudiated in the country from which it was derived, and that neither this Court, nor the Courts in *Massachusetts*, have been disposed to extend it. That rule is, that a party to a negotiable instrument shall not be received to prove, that it was originally void; and this was regarded as the extent and limit of the rule, in *Adams et al.* v. *Carver et als.* 6 *Greenl.* 392. In that case the indorser was admitted to testify, that the note was overdue when it was indorsed; and that certain payments had been previously received.

In *Manning* v. *Wheatland*, 10 *Mass. R.* 502, the rule was understood to extend further; but that case was manifestly not well considered, as usury between the indorser and indorsee affords no defence to the maker; and its authority is justly questioned in *Knights* v. *Putnam*, 3 *Pick.* 185.

Without extending the discussion further, a majority of the Court are of opinion, that *J. W. Appleton*, the indorser, being released, was competent to testify, that the waiver of notice was inserted by him, without the knowledge or consent of the defendants. The testimony offered did not show the note originally void; and it left it unimpaired against the maker and the two first indorsers. As he was excluded altogether, the exceptions are sustained, and a new trial granted upon that ground.

If the defendants were entitled to notice, they were not liable to an action, until due diligence was used to give it to them, as this Court has decided in *Green* v. *Darling*, in the county of *Washington*. At a further trial, the facts bearing upon this point, will be again examined.

*New trial granted.*

*Mem.—Emery J.* dissented from the opinion of the majority of the Court.

The usual manner of publication has been to arrange the cases in the order in which the Courts are holden in the respective counties. By such arrangement, *Buck* v. *Appleton* in *Cumberland* precedes *Greene* v. *Darling*, in *Washington*, although the opinion in the latter case was *delivered first*, both cases having been continued for advisement.