*Mem.* — SHEPLEY J. was employed in holding the term for jury trials in the county of *Washington*, and did not hear the arguments or assist at the determination of this and the four following cases.

---

## CHARLES FRENCH & al. vs. WILLIAM GRINDLE.

The sale of a negotiable note, free from usury when made, and available as a good note before the sale, at a greater discount than legal interest, is not usurious, although indorsed by the party making the sale ; and on non-payment by the maker, the *indorsee* may maintain an action against the *indorser*.

The sum which the indorsee is entitled to recover from the *indorser* is the amount of the money paid for the note with interest.

ASSUMPSIT against the defendant as indorser of a promissory note, made to him by one *Henry C. Sullivan*, dated *September* 30, 1833, for $431, in four months with interest. With the plea of the general issue, there was a brief statement, that the note, indorsed by the defendant to the plaintiff, was void for usury in the transfer. The note was given by *Sullivan* to the defendant for the balance due him on the sale of a cargo of lumber. After receiving the note, and on the same day, at *Newburyport* in *Massachusetts*, the defendant " procured the plaintiffs to cash the note, who thereupon gave him therefor the sum of four hundred and fifteen dollars, the plaintiffs requiring that the defendant should indorse the note, which he did." WESTON C. J., at the trial, was requested by the counsel for the defendant to instruct the jury, that upon

French *v.* Grindle.

these facts the plaintiffs could not recover, on the ground, that in its negotiation it was tainted with usury. The Court declined to give this instruction. The verdict for the plaintiffs, for the full amount of the note, was to be set aside, if the instruction requested ought to have been given.

*Hathaway* and *H. Williams*, for the defendant, contended : —

1. That the note was void on account of usury. *Stat.* of 1821, *c.* 19 ; *Churchill* v. *Suter*, 4 *Mass. R.* 156 ; *Chandler* v. *Morton*, 5 *Greenl.* 374 ; *Manning* v. *Wheatland*, 10 *Mass. R.* 502 ; *Knights* v. *Putnam*, 3 *Pick.* 184 ; 1 *East*, 92 ; 5 *Dane*, 337 ; *Cowper*, 115 ; *ib.* 796 ; *Doug.* 712 ; *ib.* 470 ; *Strange*, 1243 ; 4 *Petersd. Ab.* 339 ; *Bayley on Bills*, 575 ; *Van Shaick* v. *Stafford*, 12 *Pick.* 565 ; *Warren* v. *Crabtree*, 1 *Greenl.* 167 ; 2 *T. R.* 52 ; *Doug.* 235 ; *Thompson* v. *Thompson*, 8 *Mass. R.* 135 ; *Wilkie* v. *Roosevelt*, 3 *Johns. Cas.* 66.

2. That a new trial should be granted, because it should have been submitted to the jury to say, whether the transaction was a loan, a sale, or a device to avoid the statute against usury. *Truesdale* v. *Wallis*, 4 *Pick.* 63.

3. A new trial should be granted, because the verdict was for the whole amount of the note. In any view of the case, the plaintiffs can recover only the money paid and interest, and not the usury, against the indorser. *Cram* v. *Hendricks*, 7 *Wend.* 569 ; *Munn* v. *Commission Co.* 15 *Johns. R.* 44.

*W. Abbott*, for the plaintiffs, argued, that as this was a note taken in the ordinary course of business, and sold in the market before due, for what it would bring, and not a contrivance to evade the statute, the transaction was not usurious. *Powell* v. *Waters*, 8 *Cowen*, 669 ; *Braman* v. *Hess*, 13 *Johns. R.* 52 ; *Munn* v. *Commission Co.* 15 *Johns. R.* 44 ; *Cram* v. *Hendricks*, 7 *Wend.* 569 ; *Brown* v. *Mott*, 7 *Johns. R.* 361 ; *Nichols* v. *Fearson*, 7 *Peters*, 103.

The plaintiffs claim only to recover the money actually paid and interest, and are ready and willing to release the balance.

French *v.* Grindle.

The opinion of the Court, after a continuance for advisement, was drawn up by

WESTON C. J. — In *Churchill* v. *Suter*, 4 *Mass. R.* 156, the sale of a negotiable note, at a greater discount than legal interest, if indorsed by the party making the sale, was held by *Parsons C. J.* to be usurious. It was not however the point, upon which the cause turned. And in *Manning* v. *Wheatland*, 10 *Mass. R.* 502, and in *Knights* v. *Putnam*, 3 *Pick.* 184, the court assume or admit, that there may be usury between the indorser and the indorsee, in a transfer like the one under consideration ; but in neither case was that point directly decided. In the first, it was held, that usury in the transfer could not be proved by the indorser ; and in the second, that if there was usury in the transfer, it afforded no ground of defence in behalf of the maker. In *Parr* v. *Eliason & als.*, 1 *East*, 92, it was decided, that if a bill of exchange was free from usury when drawn, it could not be avoided on that ground in the hands of a *bona fide* holder, notwithstanding there may have been usury in some intermediate transfer.

In the state of *New-York*, the settled doctrine is, that the sale of a negotiable note, free from usury when made, and available as a good note before the sale, at a greater discount than legal interest, is not usurious ; although indorsed by the party making the sale. *Braman* v. *Hess*, 13 *Johns. R.* 52, was an action upon a negotiable note, by an indorsee against the indorser, which had been discounted at a greater rate than legal interest ; and the consideration actually paid with interest was recovered. In *Munn* v. *The Commission Company*, 15 *Johns. R.* 44, *Spencer J.*, held, that such a transfer was not usurious, but that it would be, if it was not available in the hands of the holder, until discounted. The same opinion was given by *Chancellor Jones*, in *Powell* v. *Waters*, 8 *Cowen*, 669. And in *Cram* v. *Hendricks*, 7 *Wendell*, 569, it was decided, upon great consideration, both in the Supreme Court, and in the Court of Errors, that the transfer by the payee of a valid available note, upon which when due, he might have maintained an action against the maker, and which he parts with at a discount beyond the legal rate of interest, is not an usurious transaction, although the payee on such transfer indorses the note ; and

that on non-payment by the maker, the indorsee may maintain an action against the indorser.

The case before us, is precisely of that character. The plaintiff purchased of the defendant a note, which was good and available in the hands of the latter, at a greater discount than legal interest. The defendant having indorsed it, and having thus given his own security upon the sale of the note, the intimations are very strong in the cases cited from *Massachusetts*, that the transfer was usurious; although there have not been there any direct decisions to that point. As it has been otherwise directly and repeatedly adjudged, in the great commercial state of *New-York*, the weight of authority is on that side. The policy of avoiding contracts altogether, upon the ground of usury, no longer prevails in this State. The claim of the creditor can now only be defeated, to the amount of the excess, beyond the legal interest.

The defendant by his indorsement, upon due demand and notice promised to pay, in default of the maker. He did not obtain a loan of money of the plaintiff, but sold him a note, for the payment of which he was willing to assume a conditional liability. It was not a device got up to avoid the statute of usury, but the sale of a note free from that objection, made in the due course of business; and we are not satisfied, that the defendant can avail himself of the defence of usury, upon which he relies. We are of opinion however, that the plaintiff has no just claim to recover, beyond the sum by him paid to the defendant for the note, with interest. The plaintiff has offered to release the excess; and this being done, judgment is to be rendered upon the verdict.