Wilde, J.
This case comes before us on exceptions to the rulings of the judge of the court of common pleas, at the trial, and the only question to be decided is, whether the rulings were correct.
On the argument of the exceptions, it was objected by the defendants’ counsel, that it does not appear by the report of the case, that the plaintiffs did elect to reconvey the land described in the bond within one year from its date, as they had a right to do, by the terms of the condition. .But on this point, no evidence is reported, nor is any question raised. It is manifest, however, that such election was proved or admitted at the trial, or the plaintiffs must have been nonsuited; for without such election, there could be no proof of a breach of the condition of the bond, and the questions now to be considered could not have been raised.
The first and principal objection to the ruling of the court below is, that it was ruled, and that the presiding judge so in structed the jury, that the plaintiffs had made out a primd facie case, without tendering to the defendant Bartlett a deed of reconveyance of the premises mentioned in the condition. It is contended, that the tender of such a deed was a condition precedent, without the performance of which no obligation was imposed on the principal defendant. By the terms of the condition, it is manifest that the plaintiffs were not bound to make an unconditional tender, in the technical meaning of a tender. It is a well-settled principle, that in all cases of mutual dependent covenants or contracts, where something is to be done by each party at the same time, neither party is bound to tender an unconditional performance of the contract or covenant on his part; but if either party offers to perform the covenant or contract on his part, provided the other party *363 will perform the contract on his part, and he declines, that is sufficient to support an action against him for the non-performance of his contract by the party making the offer.
This principle, however, is not material in the present case; for although something was to be done by each party, at the same time, yet this action cannot be maintained, without proof of an offer made by the plaintiffs to perform their part of the condition, or that they were prevented by the act of the principal defendant. No such offer was made by the plaintiffs, so that the question is, whether their offer of performance was not prevented by the act of the principal defendant. If it was so prevented, it is very clear that the proof of such prevention is equivalent to a tender, or an offer of performance on the part of the plaintiffs. The law is so laid down in Bac. Ab. Condition, 2, and is fully supported by many adjudged cases.
So in Gilmore v. Holt, 4 Pick. 258, where the plaintiff to whom money was due designedly evaded a tender, and brought his action so immediately, that a tender could not be made before the commencement of the action, it was held, that this was a sufficient excuse for not making the tender. So it has been frequently decided, that where the maker of a promissory note absconds before the maturity of the note, and cannot be found, no demand is necessary. Putnam v. Sullivan, 4 Mass. 45; Widgery v. Munroe, 6 Mass. 449; Hale v. Burr, 12 Mass. 86, 88. And in Borden v. Borden, 5 Mass. 67, which is a case directly in point, it was decided, that where one was bound to deliver a deed on a day certain, and at the day was ready with the deed, and would have tendered it but for the evasion of the other party, this was equivalent to a tender.
It was argued by the defendants’ counsel, that the defendant Bartlett did not absent himself from the commonwealth for the purpose of evading his contract. But this, if so, is not material; the plaintiffs were thereby prevented from making an offer of performance of their part of the condition ; and the defendant had no right to absent himself from the commonwealth without an offer to perform the condition on his part, or leaving an agent to perform it for him. This was not done, and there is no evidence that he ever intended to perform on his part *364 the condition of the bond. He was allowed sixty days to raise the money to be paid, and if raised, there was nothing to prevent him from offering to pay it and to deliver up the notes, before he left the commonwealth. But if not so prepared, he was bound to authorize an agent to act for him, who should be enabled to perform the condition on his part. And if he had appointed any such agent so prepared, it was incumbent on him to prove it, as it was ruled at the trial. We think, also, that he was bound to give notice to the plaintiffs of the appointment of an agent; upon the well-known principle, that where one party has knowledge of a material fact not known to the other party, he is bound to give notice of it. The plaintiffs, therefore, were not bound to make inquiry of any one, whether the principal defendant had authorized an agent to act for him in his absence; and as no agent had been so authorized, the inquiry would have been useless.
And so as to the objection to the sufficiency of the deed, which the plaintiffs were prepared to offer; for if it was not sufficient to bar the rights of the plaintiffs’ wives, the defect might have been immediately supplied, and undoubtedly would have been, if the defendant had made the objection now made by his counsel. But as he was not present, and no offer to him could be made, it seems immaterial whether the deed was sufficient or not.
But it is not necessary to decide this point, for we are of opinion, that the deed was well executed by the plaintiffs’ wives, and was sufficient to bar their rights of dower in the premises. The objection is, that there is but one seal against the signatures of the wives, and that not such an one as is required by law. Anciently a seal was defined to be an impression on wax; but it has long been held, that a seal by a wafer, or other tenacious substance, upon which an impression is or may be made, is a valid seal; and such is the seal objected to, upon which an impression not only may be, but was, actually made.
And it is well settled, that several persons may seal by one seal, and it is manifest that all who signed the instrument of release did add their seals. It was objected, that it did not *365 so appear by the deed, because the clause in the deed, in this respect, included the plaintiffs only; it being “ that we the grantors have hereunto set our hands and seals.” But the word “ grantors ” is not to be understood in its strict technical sense, for this was a deed of release, and the word “ grantors ” was undoubtedly intended to refer to all the persons who signed the deed. Exceptions overruled.