Stewart, J.
It is claimed on behalf of the Cockells that they are liable upon their indorsement and mortgage only for the difference between the amount realized by Sharp upon the *350 sale of the mortgaged premises and the amount paid by him for the notes, viz. $3,000 and interest from Oct. 6th, 1888, and as they claim that amount, and more, has been realized by Sharp, they ask to have their mortgage cancelled, and they have cited authorities to support their claim.
There is no evidence of any fraud or mistake in the sale of notes or in the sale of the mortgaged premises.
An examination of the authorities cited by counsel for the Cockells shows that the most of them are cases decided in New York, or based solely upon the authority of the New York decisions. The principal case in New York on this subject is Cram v. Hendricks, 7 Wendell, 569. In this case, the doctrine is clearly laid down that the contract of an indorser, where the transaction is free from fraud or mistake, is that upon default of the maker, he will pay to his indorsee, n o the face of the note, but the amount paid therefor by the indorsee, with interest. This is said to be the well-settled law of that state, and the case of Brown v. Mott, 7 Johns. 361, is cited as the case which establishes that principle. An examination of that case shows that the only foundation for such a claim is the remark made by the chancellor in the course of his opinion that “ it seems that an indorsee can only recover from his indorser, the sum paid by him for the note,” and refers to the case of Wiffen v. Roberts, 1 Esp. N. P. 261, as authority for that statement. We do not think that case warranted such a statement, for that was a case where a bill was indorsed for the accommodation of the maker, and all the facts were known to the indorsee. In the case of French v. Grindle, 15 Me. 163, the plaintiff only sought to recover the amount paid by him, and while the court say that they are of the opinion that his recovery should be limited to that amount, they cite no authorities in support of their opinion. And yet in the 16 Me., the court say, upon the authority of French v. Grindle, that that doctrine is well settled in Maine.
In other states the decisions are based upon the provisions of their statutes with reference to the assignment of negotiable instruments.
The authorities cited by Edwards on Notes & Bills, § 493, to support the text, are not in point. One not relating to the subject, and the other being a case where a note was assigned *351 as collateral security for a pre-existing debt. That the holder could only recover the amount intended to be secured by the transfer is settled in this state by the case of Handy v. Sibley, 46 Ohio St. 9.
And the same is true of the authorities cited by Randolph Com. Paper, § 526. Other authorities, notably Massachusetts, hold to this doctrine upon the theory that such contracts are in contravention of the usury laws of the state.
While these authorities are numerous, we think that they are not founded in reason, nor are they approved by such text writers as Mr. Parsons and Mr. Daniels. 2 Pars. Notes & Bills, 428; Daniels on Neg. Ins. §§ 767, 768, and authorities there cited.
That the sale of commercial paper does not come within the inhibitions of the usury statutes is settled in Ohio by the case of Bailey v. Smith, 14 Ohio St. 396.
And the purchaser is a holder for value, in the usual course of trade if he paid cash therefor, notwithstanding he paid less than its fair and reasonable value. Tod v. Wick, 36 Ohio St. 370.
That there is nothing in our statutes, which would forbid the recovery .by the indorsee of the full amount of the note from his indorser, is apparent upon examination. Revised Statutes, sec. 3172. An indorsee, or holder, to whom any such bond, note, bill of exchange, or check is made payable by such indorsement or delivery, may in his own name, institute and maintain an action thereon for the recovery of the money due on the same, against the maker, drawer or obligor; or after the use of due diligence to obtain the money of the maker, drawer, obligor or acceptor, such action may be instituted against the indorser.
To hold the indorser in such a case liable for the amount of the note, is simply holding him to his contract, which is:
“ (1). That the instrument itself and the antecedent signature thereon are genuine; (2) That he, the indorser, has a good title to the instrument; (3) That he is competent to bind himself by the indorsement as indorser; (4) That the maker is competent to bind himself to the payment, and will, upon due presentment of the note, pay it at. maturity, or when it is due. (5) That if, when duly presented, it is *352 not paid by the maker, he, the indorser, will, upon due and reasonable notice given him of the dishonor, pay the same-to the indorsee or other holder.” Story on Prom. Notes, sec. 135.
F. W. Wood, for A. Sharp.
B. F. Martz, and L. J. Critchfield, for H. & E. Cockells.
And that such is the law of this state is clear from the case of Farr v. Ricker, 46 Ohio St. 265.
The first proposition of the syllabus in that case is as follows:
“ The indorsement of a negotiable promissory'note, made to transfer the title to one who has purchased it for value, is, though in blank, an abbreviated contract in writing, whereby the indorser binds himself to pay the note if on presentment the maker does not, and due notice is given him of such non-payment.”
It will thus be seen that in this state, the doctrine contended for by counsel for the Cockells, is not supported by authority.
■ We have examined the .authorities'cited by counsel for the Cockells carefully, and have given our reasons for not following them, and if the case stood simply upon the indorsement of the note, we would have to hold against them. But we think there is another reason why their claim to relief by having their mortgage cancelled is intenable. The condition of that mortgage has been set forth ; its terms are clear and distinct; it not only recites that the Cockells have indorsed these notes, but that Sharp is to foreclose the mortgage given by Burwell before he can enforce this mortgage against them. Thus they have put upon Sharp the responsibility, trouble and expense of pursuing the maker before their liability attaches, and have expressly agreed in consideration of that, to indemnify him from loss. He has fulfilled his part of the contract, and it is evident that this was an important part of the contract so far as the Cockells are concerned.
It follows that they are not entitled to the relief they ask for, and their answer and cross-petition will be dismissed at their costs.