Parker, C. J.
The demandants claim under a conveyance from Betsey Flagg, who had a life estate in the premises, under an assignment of it by the judge of probate, as her dower in her *340 deceased husband’s estate. The consideration of this conveyance was substantially an engagement, on the part of the inhabitants of the town of Worcester, to support her during the residue of her life.
The tenant defends under a deed from the same person, executed and delivered, almost two years before her deed to the demandants, to William, C. Fislce and Amos Hudson, for the apparent consider ation of 250 dollars, and a deed from the said Fislce and Hudson to him, executed and delivered April 1, 1809.
It is, then, obvious that the demandants cannot prevail in this suit, unless they can show that the prior conveyance to Fislce and Hudson was void in its execution, or that it is voidable as against the tenant who purchased of them.
It is not stated in the report whether Eaton was a bona fide purchaser for a valuable consideration; but that is to be presumed, since there is nothing to the contrary in the case.
The demandants attempt to avoid the conveyance to Fislce and Hudson, by showing that the real consideration which passed between the parties was the composition of a felony charged upon the said Betsey Flagg, by the two grantees named in the deed; and for proof of this fact at the trial, they produced, besides other evidence, the testimony of the said Betsey, which was received by the judge who tried the cause, and permitted to go to the jury, although objected to by the tenant.
The first question reserved respects the competency of this witness; and it has been objected to her that, being a party to the deed, she should not be permitted, by her testimony, [ * 375 ] * to defeat what, by her free and voluntary act, she had attempted to establish; and also that she was in some measure interested, that is, to secure to the demandants the fund upon the faith of which they had undertaken to maintain her.
But we are of opinion that she is a competent witness, notwithstanding these objections. The rule lately settled in this Court, respecting the competency of witnesses, who are parties to the instruments to be defeated by their testimony, applies exclusively to parties to a negotiable instrument, as was stated in the case of Churchill vs. Suter. (3), (a)
*341 The other objection cannot prevail, for there is no legal and direct interest in the event of this suit; and the circumstance relied upon to prove her interest proves nothing more than a possible bias, which the jury are to judge of in considering her credibility.
Taking her testimony, then, as correctly given, and as corroborated by other evidence, we must believe that the only consideration of the conveyance to Fiske and Hudson, except a trifling sum which was given for form’s sake after the deed was executed, was the expectation on her part of some indulgence, by the means of those grantees, on a complaint or suspicion, that existed against her of having received stolen goods, or some other criminal act connected with a larceny committed on the said Fiske and Hudson’s property by one Gleason, who was afterwards convicted thereof. And, indeed, from the manner in which the cause was put to the jury by the judge, we are obliged to consider the jury as having found, by their verdict, that the deed was given altogether in consideration of an expected release from a criminal prosecution by the intervention of the said Fiske and Hudson, and for no other cause.
The question is, then, whether a deed, given under such circumstances, is absolutely void, or whether it can be avoided by the entry of the grantor, so that a subsequent conveyance, made by her dona fide, and for a Valuable consideration, will pass the estate. And we are of opinion that the deed so given is not void; nor was it voidable, even * against Fiske and [ * 376 ] Hudson, by the entry of the grantor, for the reasons mentioned.
A bond or other obligation, or a written promise, founded upon such a consideration, may be avoided; because the law will not uphold a contract, or permit a party to enforce it, if it was made to secure the price of an unlawful act. Thus, in the case of Collins vs. Blantern, (4) a bond given for the compounding of a felony, was avoided by plea, setting forth the illegality of the consideration for which it was given, (a) But it was holden in that case, and has been holden in numerous other cases, (5) that, where money has, in *342 fact, been paid upon such consideration, it cannot be recovered back again, because in pari delicto potior est conditio defendentis.
There have been some cases in England, which look as if in all instances, where a party has paid money upon an illegal transaction, he may recover it back again in an action for money had and received. But it is now unquestionably settled there, that an action for money so paid cannot be maintained, where the parties are really in pari delicto; and upon looking into all the cases upon the subject, some of which have been already referred to, it will appear that a distinction is maintained between those cases in which one of the parties has, by an illegal act, taken an advantage of and oppressed the other, and those in which it is not possible to distinguish between the parties, as to the degree of their criminality. Thus, where usury has been paid, it is considered that the lender has availed himself of the distress of the borrower, and has violated the law, to extort from him more than the lawful rate of interest. In this case, an action for money had and received will lie for the excess. In the cases of Smith vs. Bromley, (6) and Browning vs. Morris, (7) the doctrine, as laid down by Lord Mansfield, is that, where certain acts are made unlawful by statute, to protect unwary and ignorant people from oppression and extortion, there although both parties are guilty of violating the lawj yet they are [ * 377 ] not equally guilty, and that, in such * cases, the party from whom money is exacted shall recover it back from ' him who practises the oppression. Such are the cases of usury, of money paid to a creditor by a bankrupt to procure his signature to a certificate, and money paid contrary to the laws regulating lotteries. But that in all acts, which are unlawful on account of their immorality, or because they are hostile to public policy, there the parties to the act are in pari delicto and potior est conditio defendentis. This distinction seems to have been ever afterwards observed in the English courts; and being founded in sound principle, is worthy of adoption, as a principle of common law in this country.
In the case of Lacaussade vs. White, (8) the court are made by the reporter to say, “ that it was more consonant to the principles of sound policy and justice, that wherever money has been paid upon an illegal consideration, it may be recovered back again by the party who has thus improperly paid it, than by denying the remedy to give effect to the illegal contract.” This general obser vation, if adopted as a principle of the common law, would utterly defeat the application of the maxim already repeated, in pari de *343 lido, &c., and it can hardly be supposed that the Court intended to be understood in the sense attributed to them by the reporter, especially as the cause then before them did not require such broad principles, and as, in the case of Howson vs. Hancock, (9) which was decided two years afterwards by the same judges, they refused to permit the plaintiff to recover money back which he had paid upon an illegal wager; and in this last case, Lord Kenyon recog nizes the distinction, adopted by Lord Mansfield in the case of Smith vs. Bromley, between cases of oppression or extortion, and cases of illegality on the ground of immorality qr public policy And in the case of Vandyck & Al. vs. Hewitt, (10) Lord Kenyon again recognizes and adopts Lord Mansfield’s distinction, and says the rule has been settled in all times, that in pari delicto potior est, &,c.
It appears, then, to be the settled law in England, and we are satisfied that it is also the law here, that where two parties * agree in violating the laws of the land, the Court [ * 378 ] will not entertain the claim of either party against the other, for the fruits of such an unlawful bargain. If one holds the ooligation or promise of the other, to pay him money, or do any other valuable act, on account of such illegal transaction, the party defendant may expose the nature of the transaction to the Court; and the law will say, “ Our forms and rules are established to protect the innocent and to vindicate the injured, not to aid offenders in the execution of their unjust projects; ” and if the party who has foolishly paid his money repents his folly, and brings his action to recover it back, the same law will say to him, “ You have paid the price of your wickedness, and you must not have the aid of the law to rid you of an inconvenience which is a suitable punishment of your offence.”
If, then, the composition of a felony or of a larceny is an illegal consideration of any promise or obligation for money, the party claiming under such instrument cannot enforce it in a court of justice ; nor can the other party, if he has paid it, recover it back again. There must, then, be a distinction between a conveyance of land and money paid on such consideration, or Betsey Flagg could not, on this ground, avoid her deed to Fiske and Hudson by entry or action, so as to convey any title to the demandants. Such a distinction was attempted in the argument, but we find no foundation for it.
A deed of bargain and sale, signed, sealed, delivered, acknowl edged, and recorded, is an actual transfer of the land to the grantee *344 as much as the delivery over of a sum of money, or of a personal chattel, is a transfer of either of those. And in addition to the deed in the case at bar, it is in evidence that the original grantees had by deed also conveyed the same land to the tenant, who entered and occupied more than a year before Betsey Flagg entered and made her deed to the demandants.
We are' satisfied that her entry was tortious, and that she acquired no right by it to convey, if there is no other defect than the composition which has been spoken of; and if such [ * 379 J entry would have been good against Fiske and * Hudson, it would not avail her against Eaton, provided he were a bona fide purchaser for a valuable consideration, without any knowledge of the illegal transaction between the original parties.
But the case suggests another point, which, from the apprehension of the judge who sat in the trial that it was not necessary to be settled, was not fully before the jury; which is, that the deed of Betsey Flagg, under which the tenant claims, was obtained from her by duress of imprisonment, or threats of imprisonment. As we are inclined to think that menaces of imprisonment to a woman, fully made out in evidence, would avoid any deed or other instrument extorted from her by such means, we think there ought to be a more full trial on that point. We do not, however, see any facts stated in the report which would establish this defence satisfactorily to our minds; but it being a proper subject for the jury to decide upon, and a new trial being necessary, to conform to our opinion upon the other point, we thought it proper to suggest that this part of the subject ought to be more fully tried.
With respect to the other questions, — the capacity of the town to take, and the nature of the consideration in the conveyance to the town, — there is no necessity now to decide them ; since the question now decided makes a new trial necessary, and these questions may hereafter come before us more directly, (a)

Let a new trial be granted.

40-11"> 4 Mass. Rep. 156.

Warren vs. Merry, 3 Mass. Rep. 27. — Parker vs. Lovejoy, 3 Mass. Rep. 565. — Barker vs. Prentiss, 6 Mass. Rep. 430. — Widgery vs. Munroe, 6 Mass. Rep. 449. —- Jones vs. Coolidge, 7 Mass. Rep. 199. — Fox & Al. vs. Whitney, 16 Mass. Rep. 118.— Packard vs Richardson, 17 Mass. Rep. 127.— Manning vs. Wheatland, 10 Mass. Rep. 502..— Hartford Bank vs. Barry, 17 Mass. Rep. 94. — Fitch vs. Hill, ante, 286.—Butler vs. Damon, 15 Mass. Rep. 225. — Loker vs. Haynes, post, 498. — Bridge vs. Eggleston, 14 Mass. Rep. 245. — Davis vs. Spooner, 3 Pick,. 284. — Brown vs. Babcock 3 Mass. Rep. 29. — From the above cases, it appears that the Court have confined the -a laid down in Churchill vs. Suter to negotiable promissory notes And there *341 seems to be no very good reason for admitting any such rule even in this case. The rule in the English courts is clearly otherwise. Our courts were misled by a nisi privs decision, which has been overruled.—Jordaine vs. Lashbrooke, 7 D. & E. 601. — Rich vs. Topping & Al. Peake’s N. P. C. 224. — 1 Esp. N. P. C. 176. — Brand vs, Ackerman, 5 Esp. 119. — Kent vs. Lowden, 1 Camp. 177.— Chitty, 6th ed. 413.— Peake's Ev. 4th ed. 255. — 2 Stark. Ev. 298. — 2 Phil. Ev. 7th ed. 20.

 2 Wils. 347.

 Vide Boardman vs. Gore & Al. 15 Mass. Rep. 331.

 6 D. & E. 61. — 7 D. & E. 535, 630. — Doug. 470, 697. — Cowp. 199. —1 H Blade. 67. — 8 D. & E. 575. — 5 D. & E. 405— 1 East, 94. — 1 Comyns on Contracts 30,46.—2 ditto, 109.

 Doug. 696, n.

 Cowp. 790.

 7 D. & E. 535

 8 D. & E. 575.

 1 East, 98.

 See same case on new trial, 13 Mass. Rep. 371, on which the demandants prevailed, on the ground that the deed of Betsey Flagg was obtained from her by duress