# CASES

# SUPREME JUDICIAL COURT,

---

## WILLIAM W. WISE & al. vs. ROBERT TRIPP.

A creditor, who has purchased at vendue the right of his debtor to have a conveyance of land pursuant to the provisions of the *stat.* of 1829, *ch.* 431, and who has subsequently taken a deed thereof from the obligor in the bond to himself, may avoid a prior fraudulent deed from such obligor.

The grantee of a fraudulent purchaser, who had been present in Court on the trial of an action in which his grantor was a party, and had heard evidence proving his grantor's title to be fraudulent, was held to have such notice of the fraud, that his deed might be avoided for that cause.

One who has given a deed of warranty to the demandant and also a deed of quitclaim to the tenant is a competent witness for the latter, on the question of title to the same land.

THIS was a writ of entry to recover a tract of land in *Sanford*. The tenant pleaded the general issue, and in his brief statement alleged, that he was not tenant of the freehold, but held only as tenant at will under *Timothy Shaw*, who was tenant of the freehold. The parties agreed on a statement of facts on which the action was submitted for the opinion of the Court. They agreed, that the facts reported in the case, *Timothy Shaw* v. *Michael Wise*, 1 *Fairf.* 113, are to be considered facts in this case, and to have the same effect, as if this action was against *Shaw* ; that the deeds and papers referred to in that case are to be considered, as in this case ; that *Benjamin Stanley*, on the 14th of *September*, 1832, made a quitclaim deed of the land to said *Shaw*,

of which he had given a bond to *Tripp*, and a warranty deed to *Michael Wise*; which deed to *Shaw* was recorded *October* 20, 1834; that on the 18th of *November*, 1833, said *Michael Wise* gave a deed thereof to the demandants; that one of the demandants is a son of said *Michael Wise*, was a witness on the trial of said action, *Shaw* v. *Wise*, and heard all the evidence, and the verdict of the jury; and that before the commencement of this suit, said *Tripp* had agreed to become the tenant of *Shaw*. The parties and said *Shaw* agreed in writing, that the decision of the Court,. if made upon the merits of the title, should be conclusive upon said *Shaw*, as well as upon the parties.

*Holmes, for the plaintiffs*, made the following points.

1. *Shaw*, the actual defendant in this case, having taken a deed from *Stanley*, and holding title only under him by a conveyance subsequent to the deed to *Michael Wise*, is estopped and not at liberty to question the consideration of that deed. *Ricker* v. *Ham*, 14 *Mass. R.* 137.

2. The deed from *Stanley* to *Wise* was made on sufficient and good consideration. The full value of the land was paid to *Stanley* in money, and if any part of this money was furnished by *Tripp* in fraud of his creditors, they may call it out of the hands of *Wise*, but they cannot come in and avoid the deed.

3. *Shaw's* deed from *Stanley* was without consideration. It is not pretended, that *Shaw* paid any thing to *Stanley*, and if his debt against *Tripp* can be considered as paid to *Stanley*, still it was but one sixth part of the value of the land. If, therefore, *Wise's* deed was fraudulent, as to *Tripp's* creditors, *Shaw's* is equally so, and he cannot avoid the first deed.

4. The only evidence to prove fraud comes from *Stanley*, who is an incompetent witness. His competency was objected to in the first trial, and is not waived in this. He has given two deeds of the same land, and if he can come in and prove the first deed void, he may give as many as he chooses, taking the consideration each time, and avoiding them in succession.

5. When *Stanley* made his deed to *Shaw*, *Tripp* was not his tenant; and being a mere deed of release nothing passed by it.

6. The case does not show, that the demandants had any knowledge, that the conveyance to their grantor was fraudulent.

One of them heard the first trial, but heard also on the trial, that the only witness pretending fraud was objected to; and after hearing that the decision of the court was in favor of his father, he might well believe, that the court did not consider the deed fraudulent.

*D. Goodenow,* for the defendant.

The case in *Fairfield* shews that *Tripp* had paid for this land, and was entitled to a deed of it by virtue of his bond from *Stanley;* that the bond was given up and a deed given to *Wise* for the express purpose of defrauding the creditors of *Tripp,* of whom *Shaw* was one ; that *Shaw* had become the purchaser of *Tripp's* interest in the bond, and had entitled himself to a deed from *Stanley* by the terms of the statute ; and that *Stanley* could be compelled by bill in equity to deed the land to *Shaw.* The deed from *Stanley* to *Shaw* was equally valid, whether made voluntarily, or by compulsory process of law. As a creditor of *Tripp, Shaw* had obtained the legal title to this land, and was enabled to contest and avoid the fraudulent deed to *Michael Wise.* The only reason why *Shaw* did not succeed in the former action, was, because he had not then received his deed from *Stanley.*

The demandants are in no better situation, than *Michael Wise,* because they had sufficient notice, that the title of their grantor was fraudulent and void, as to creditors. One of them heard the testimony on oath, asserting the fraud, and the verdict of the jury establishing it. The law requires only sufficient notice to put a reasonable man on his guard ; but it amounted to certainty in this case.

The arguments reported and the authorities cited in behalf of *Shaw,* in the case in *Fairfield,* were referred to as a sufficient answer to all the other objections. *Cadogan* v. *Kennett,* 2 *Cowper,* 434, and *Co. Lit.* 290, were cited in addition.

The action was continued *nisi,* and the opinion of the Court afterwards drawn up by

Weston C. J. — *Tripp,* not being tenant of the freehold, but the tenant at will of *Timothy Shaw,* at first relied upon this fact by way of defence ; but it having been agreed by the immediate parties, and by the counsel for *Shaw,* that the title should be set-

tled upon its merits, as if the action were brought against *Shaw*, that ground of defence is waived.

The question then is, whether upon the facts, the demandants are entitled to prevail against *Shaw*. The parties have agreed, that the facts reported by the Judge, in the case of *Shaw* v. *Michael Wise*, 1 *Fairf.* 113, " are to be considered as facts, and to make a part of this case." We do not understand, that the competency of the testimony, by which those facts were ascertained, is now open to inquiry. But if it were, we perceive no sufficient objection to the competency of *Stanley*. The rule that a witness shall not defeat by his testimony an instrument, to which he is a party, is confined to such as are negotiable. *Worcester* v. *Eaton*, 11 *Mass.* 368. The interest of *Stanley* was rather to sustain the deed, he gave with general warranty to *Wise ;* and if he gave a warranty to *Shaw*, his interest would be balanced.

In *March*, 1829, *Tripp* possessed a valuable interest in the contract he had made with *Stanley* for the purchase of the land in controversy, upon which he had paid nearly two thirds of the purchase money. The legislature had previously made that interest liable to attachment. *Stat.* of 1829, *ch.* 431. It was an extension of the remedial process of the law to existing interests of a debtor, which may have been purchased with the funds of the creditor. It did not impair the obligation of a contract, but made it available for the fulfilment of contracts between debtor and creditor.

On the eleventh of the same month of *March*, *Tripp*, the debtor, avowedly for the purpose of defeating his creditors, made over his interest in the land to *Michael Wise*. And in furtherance of this object, the bond he held from *Stanley* was given up and cancelled, and *Stanley*, fully apprized of what was intended, by the procurement of *Tripp*, conveyed to *Wise*, who paid nothing from his own funds, either before or after the conveyance. Whether the attachable interest of *Tripp*, thus attempted to be put out of the reach of his creditors, vested in the personal contract of *Stanley*, or is to be regarded as real estate, the course pursued was equally fraudulent, and liable to be avoided in favor of a creditor. The law has been long settled, that every gift,

grant or sale, thus fraudulently made, either of lands, or of goods and chattels, is void as to creditors.

On the twenty-first of *March*, 1829, *Shaw*, a previous creditor, attached the interest of his debtor, *Tripp*, arising from his contract with *Stanley*. We are of opinion, that he had a right to do so; and thus to avoid and vacate the proceedings of *Tripp* and *Wise* to defraud him. Judgment being rendered in his favor, within thirty days thereafter, he caused the interest he had attached to be sold, in the manner required by law, of which he was the purchaser. He thus became by law entitled to a conveyance from *Stanley*, according to the original condition of his bond. As a remedy to enforce this right, he might have prosecuted a bill in equity. But this coercive process is not necessary, if the contracting party will voluntarily make the conveyance without it. In *September*, 1832, *Stanley* did convey to him, by which his right was consummated. The previous title of *Michael Wise*, founded as it was in fraud, has no claim to be preferred to that of *Shaw*.

Have the demandants, to whom *Michael* conveyed, any better title to hold the land, purged of the fraud, to which their grantor was a party? We think not. One of them was conusant of the fraud, by which the creditors of *Tripp* were attempted to be defeated.

Having been present at the former trial, he knew that his grantor had no beneficial interest in the land; — that it had been purchased with *Tripp's* money, and put into the hands of *Michael Wise* for fraudulent purposes. Notice to one of the demandants is equivalent to notice to both. They cannot then be regarded as *bona fide* purchasers. Upon the facts agreed, we are all of opinion, that the tenant is entitled to judgment.