## ODIORNE & a. *vs.* HOWARD.

Where a note is indorsed after it has fallen due, the indorsee receives it subject to any defence subsisting while in the hands of the payee.

The indorser in such case is a competent witness to show payment of the note before indorsement, or any other legal defence to the note.

ASSUMPSIT, on a note for one hundred and forty three dollars eighty-seven cents, dated March 1, 1833, drawn payable on demand and interest, to one Robert H. Palmer, or order, and by him indorsed to the plaintiffs. The writ was dated November 18, 1837. Palmer testified that sometime in the spring of 1837 he indorsed the note to the plaintiffs as collateral security for a debt he was owing them, and that be-

Odiorne *v*. Howard.

fore the note was thus indorsed by him the same had been fully paid to him; but for some reason, which he did not recollect, it had not been delivered up to the defendant.

To this evidence the plaintiffs objected, but it was admitted; and it was agreed by the parties that if the evidence of Palmer was legally admissible, judgment should be rendered for the defendant; and if inadmissible, judgment should be rendered for the plaintiffs; the judgment in either case to be open to review, in the same manner as if tried by the jury.

*Christie*, for the plaintiffs, cited the following authorities, to the point that an indorser of a promissory note should not be permitted to come into court, and defeat a note to which he had given currency. 1 *D. & E*. 296, *Walton* vs. *Shelley*; 4 *Mass. R*. 156, *Churchill* vs. *Suter*; 7 *Ditto* 199, *Jones* vs. *Coolidge*; 10 *Ditto* 502, *Manning* vs. *Wheatland*; 15 *Johns*. 240, *Herrick* vs. *Whitney*; 4 *Dow. & Ry*. 731, *Shaw* vs. *Brown*; *Bayley on Bills, last ed*., 586.

*Hale & Woodman*, for the defendants, contended that in an action against the maker of a note, the indorser is a competent witness to prove that it has been paid, and cited the following authorities. 2 *Star. Ev*. 301; *Peake's N. P. C*. 6, *Charrington* vs. *Milne*; 5 *Esp. N. P. C*. 251, *Duckham* vs. *Wallis*; 7 *D. & E*. 481, *Ilderton* vs. *Atkinson*; 2 *Bing*. 269, *Pocock* vs. *Billing*; 10 *Johns. R*. 231, *Woodhull* vs. *Holmes*; 15 *Ditto* 270, *Skilding* vs. *Warren*; 11 *Mass. R*. 375, *Worcester* vs. *Eaton, note a, Rand's ed*.

UPHAM, J. It was formerly holden that no person who had signed a negotiable bill or note could be a witness to impeach its validity, 1 *D. & E*. 296, *Walton* vs. *Shelley*; but the contrary of this doctrine is now well settled in the English courts, and the party to a bill or note is admitted as a competent witness, to defeat or support an action founded

Odiorne *v.* Howard.

upon such note, unless he is directly interested in the event of the suit, or unless the verdict would be evidence for or against him.

Thus, in an action against one of several makers of a note, any of the other signers is a competent witness for the plaintiff. So in an action against the acceptor of a bill, the drawer is a competent witness, either for the plaintiff or defendant; and in an action by an indorsee against a drawer or acceptor, an indorser is said to be in general a competent witness for either party: for the plaintiff, because, though the plaintiff's succeeding in the action *may* prevent him from calling for payment from the indorsee, this is not certain to be the case; and whether the plaintiff sustains his action or not against the drawer or promissor, the indorser remains still holden. 2 *Stark. Ev.* 299; *Bayley on Bills,* 1st ed., 373; 7 *D. & E.* 601, *Jordaine* vs. *Lashbrooke;* 4 *Esp. N. P. C.* 32, *Dickinson* vs. *Prentice;* 2 *Stark.* 334, *Richardson* vs. *Allen.*

The earlier rule of the English courts upon this subject has, however, generally prevailed in the courts in this country. 4 *Mass. R.* 156, *Churchill* vs. *Suter;* 1 *N. H. Rep.* 60, *Houghton* vs. *Page;* 2 *Ditto* 212, *Bryant* vs. *Ritterbush;* 2 *Johns. R.* 165, *Colman* vs. *Wise;* 15 *Ditto* 270, *Skilding* vs. *Warren;* 2 *Dallas* 194, *Stille* vs. *Linch.* In the case of *Churchill* vs. *Suter,* 4 *Mass. R.* 156, Chief Justice Parsons admits that infamy and interest are the usual tests of the competency of witnesses; but remarks, " that the exclusion of parties to a negotiable security from testifying that it was originally void, is another exception, established to assist commerce, and discourage fraud; so that no man shall be admitted to allege his own turpitude, when the allegation will tend to encourage or support fraud or illegality."

But this rule is strictly limited to paper clearly commercial in its character, negotiated before due, and where the defence existed at the time the witness affixed his name to

the paper. Where the defence is as to any subsequent facts, the party to negotiable paper is a competent witness. 3 *Mass. R.* 27, *Warren* vs. *Merry ;* 6 *Ditto* 430, *Barker* vs. *Prentiss ;* 7 *Ditto* 470, *Parker* vs. *Hanson ;* 8 *Cow.* 669, *Powells* vs. *Waters.* And in fact the better opinion seems to be that there is no rule of policy which should exclude a party to a note from being a witness, if he is not a party to the suit, and has no interest. 5 *N. H. Rep.* 196, *Carleton* vs. *Whitcher ;* 9 *N. H. Rep.* 349, *Marston* vs. *Brackett.*

In the case before us, the note was negotiated long after it was due. It was dated March 1st, 1833, drawn payable on demand, and interest, and was indorsed in November, 1837. It had, therefore, remained discredited for more than four years. Under such circumstances the purchaser could not be considered as an innocent indorsee. He must be regarded as cognizant of any subsisting defence at the time of his purchase of the note, and as taking it subject to such defence. The rights and liabilities of the promissor and promissee had become fixed by the delay, and the promissee could not, by his acts in indorsing the paper, change such rights. The paper had wholly lost its negotiable character, so far as regarded any defence which the defendant might set up against it, and the reason of the rule as to the testimony of the indorser had ceased. His admission or rejection as a witness depends then solely on the ordinary principles applicable to the admission of a witness ; and as there is no objection to his competency on the ground of interest or infamy, his testimony is competent to show payment, or any other legal defence to the note. *Peake's N. P. C.* 6, *Charrington* vs. *Milner ;* 2 *East* 458, *Best* vs. *Kershaw ;* 11 *Johns.* 128, *White* vs. *Kibling ;* 14 *Ditto* 270, *Mann* vs. *Swann ;* 4 *Serg. & Rawle* 399, *Baird* vs. *Cochran.*

*Judgment for the defendant.*