## STEVENSON *vs.* CHAPMAN.

A grantor may be a witness to show that his deed is invalid, even for fraud, if he have no interest in the case. The weight of his testimony, if he swear to his own turpitude, is to be considered by the jury.

WRIT OF ENTRY, to recover an undivided half of about fifty acres of land in Tamworth.

Prior to 1835, Joseph A. Whitten was the owner of one half of the tract described. The plaintiff offered in evidence a deed from Whitten to himself, dated the 25th of April, 1835, purporting to convey one undivided half of the tract, which was recorded June 2d, 1835.

The defendant introduced a deed executed by Whitten to himself, of an undivided half of the tract, dated the 27th day of April, 1835, and recorded June 21, 1836. He further

offered in evidence the deposition of said Whitten, which was objected to by the plaintiff, on the ground that said Whitten was not a competent witness ; but a release being introduced, executed to Whitten, by the defendant, before the deposition was taken, discharging and releasing him from all the covenants contained in his deed to the defendant, the evidence was admitted by the court.

*James Bell, & S. Emerson,* for the defendant, cited 5 *N. H. Rep.* 181, *Hadduck* vs. *Wilmarth ;* 2 *N. H. Rep.* 212, *Bryant* vs. *Ritterbush ;* 5 *Mass. R.* 559, *Hill* vs. *Payson ;* 11 *Mass.* 498, *Loker* vs. *Haynes ;* 4 *Mass.* 441, *Twambly* vs. *Henley ;* 6 *Johns. R.* 135, *Jackson* vs. *Frost & a. ;* 2 *Stark. Ev.* 179, *note ; Odiorne* vs. *Howard, (Strafford, Dec.* 1839 ;) 5 *Cowen* 23, *Stafford* vs. *Rice; Ditto* 153, *Bank of Utica* vs. *Hillard ;* 20 *Johns.* 285, *Tuthill* vs. *Davis ;* 3 *Wend. R.* 415, *Williams* vs. *Walbridge;* 6 *Wend.* 415, *Jackson* vs. *Packard ;* 17 *Johns.* 188, *McFadden* vs. *Maxwell ;* 1 *Phil. Ev.* 36.

*Bartlett, & Peabody,* for the plaintiff.

PARKER, C. J.   The objection to the admission of the witness cannot be supported.

It seems to be well settled, that a grantor may be a witness to show that his deed is invalid, even for fraud, if he have no interest in the case.   5 *N. H. Rep.* 181, *Hadduck* vs. *Wilmarth ;* 9 *N. H. Rep.* 347, *Marston* vs. *Brackett ;* 2 *Ld. Raym.* 1008, *Title* vs. *Grevett ;* 11 *Mass. R.* 368, *Worcester* vs. *Eaton ; Ditto* 498, *Loker* vs. *Haynes ;* 15 *Pick. R.* 420, *Hudson* vs. *Hurlburt ;* 13 *Maine* 9, *Wise* vs. *Tripp ;* 4 *Vermont R.* 493, *Seymour's Ad'r* vs. *Beach ;* 6 *Johns. R.* 135, *Jackson* vs. *Frost ;* 6 *Wend. R.* 415, *Jackson* vs. *Packard.*

The weight of his testimony, if he swear to his own turpitude, is to be considered by the jury.

It is now settled in this state, in relation to negotiable paper, that a party who has given currency to it is a competent witness to show that it was void at the time.   9 *N. H. Rep.* 349, *Marston* vs. *Brackett; Odiorne* vs. *Howard* (10 *N. H. Rep.* 343); *Haines* vs. *Dennett,* (11 *N. H. Rep.* 180.)

*Judgment for the defendant.*