## PORTER DICKINSON *vs.* WAITSTILL DICKINSON.

A vendor of personal property, though he gives a bill of sale thereof, is a competent witness to prove that he had no title thereto; and though he sells with warranty of title, he is a competent witness, for this purpose, when called by a third person, who claims the property and brings an action of trover therefor against the vendee.

A party's admissions of particular facts are receivable in evidence against him, though they were made while he was negotiating for a compromise.

In the trial of an action of trover, evidence was received that the defendant, while negotiating with the plaintiff for a compromise of the suit, admitted that he had sold the property in question, and that the plaintiff had demanded it of him, and that the plaintiff then said to him, " I suppose you would do better by me than you offered yester day." *Held*, that these admissions of the defendant were properly received, and that though the words spoken by the plaintiff, if they had been unconnected with the other conversation of the parties, would have been inadmissible, yet that they were not, when taken in connexion with that other conversation, so objectionable as to require that the verdict for the plaintiff should be set aside.

IN an action of trover for a colt, the plaintiff, at the trial in the court of common pleas, before *Cushing*, J. offered evidence tending to prove that the colt was a foal of his mare, and was placed by him on a farm occupied by Eli and Charles Dickinson, and was constantly kept there until the 7th of August 1843, the day of the alleged conversion by the defendant.

The defendant claimed property in the colt by virtue of a bill of sale thereof, for a valuable consideration, made to him by said Charles Dickinson, and offered evidence tending to prove that, prior to said 7th of August, the plaintiff had sold the colt to said Charles.

The plaintiff, to rebut this evidence, offered said Charles as a witness, who testified that he never bought the colt of the plaintiff, and never was the owner thereof. The defendant objected to the admission of this testimony, on the ground of the incompetency of the witness to contradict the bill of sale executed by him ; but the objection was overruled.

The plaintiff also offered W. Billings as a witness, who testified, that on the day of the trial, he and one Cook, who was a witness for the defendant, " tried to get the parties together, in a room in the court house, to settle the case ; " and that the parties, with Cook and the witness, went into a room for that

purpose; and that the plaintiff, while there, said he "liked the colt and should be glad to have it;" and that the defendant said in reply, "I sold the colt about four weeks after I got it:" That the plaintiff said to the defendant, "I demanded the colt, you recollect," and the defendant answered, "yes:" That something more was said about a settlement, and the plaintiff said to the defendant, "I suppose you would do better by me than you offered yesterday;" and that the defendant then said, "I wish that Billings and Cook would leave the room, before I talk further about it;" whereupon the witness and Cook left the room. To this testimony the defendant objected; but the objection was overruled.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions to the aforesaid rulings.

*Ashmun* & *Dickinson,* for the defendant. Charles Dickinson was not a competent witness to impeach the bill of sale executed by him. *Allen* v. *Holkins,* 1 Day, 17. If the plaintiff recovers in this suit, the witness is answerable to him in an action of deceit, or of assumpsit on the warranty which is always implied, unless the contrary appears, that the vendor of personal property is the owner thereof. Long on Sales, (Rand's ed.) 201. Peake on Ev. (2d Amer. ed.) 113. In *Jones* v. *Huggeford,* 3 Met. 519, the court held a vendor to be competent to impeach the title to the property, on the ground that the terms of the sale excluded a warranty; thereby implying that a warrantor is incompetent.

The testimony of Billings, which related to statements made to the defendant while negotiating for a compromise, and for the purpose of buying peace, were inadmissible, especially his testimony as to the offer made by the defendant on the preceding day. 2 Stark. Ev. 38. 3 Dane Ab. 337. Greenl. on Ev. § 192.

*Forbes,* for the plaintiff. The rule, that a party shall not be received to impeach an instrument that he has signed, is confined to negotiable paper. *Churchill* v. *Suter,* 4 Mass. 159. *Thayer* v. *Crossman,* 1 Met. 416. And if the defendant might maintain an action against Charles Dickinson, on the implied

warranty of title to the colt, on its being proved that the colt was his, yet this does not render Dickinson incompetent, as he testified against his interest.

Billings testified to distinct facts admitted by the defendant, viz. the defendant's sale of the colt, and the plaintiff's demand on him, and not to offers of compromise. The testimony was therefore admissible, although the parties were together for the purpose of effecting a compromise, when those facts were admitted. *Hartford Bridge Co.* v. *Granger,* 4 Connect. 148. *Marsh* v. *Gold,* 2 Pick. 290. *Gerrish* v. *Sweetser,* 4 Pick. 374. Greenl. on Ev. §§ 192, 197. 2 Stephens Nisi Prius, 1610.

DEWEY, J. 1. The objection to the competency of Charles Dickinson as a witness cannot avail the defendant, supposing the sale to have been made by him with warranty; as he was called to testify against his interest, and not to sustain the property in the vendee.

2. Nor can the objection prevail, which is taken to the testimony of this witness, that it is in contradiction to his written bill of sale. It has been sometimes suggested that public policy, if not sound morality, requires that a party should not be allowed by his testimony to control or defeat an instrument to which he has given his signature as a contracting party; but no such general rule of law has been adopted. On the contrary, the cases of exclusion have been limited to parties to negotiable instruments. *Inhabitants of Worcester* v. *Eaton,* and *Loker* v. *Haynes,* 11 Mass. 368, 498. *Hudson* v. *Hulbert,* 15 Pick. 423.

3. A further objection is taken to the competency of certain evidence offered by the plaintiff, and derived from the declarations and admissions of the defendant. The objection relied on is, that these admissions were made pending a treaty between the parties for a compromise of the matter in litigation in the present suit. The rules of evidence exclude, to some extent, and under certain circumstances, the declarations and admissions of a party. Thus, the more fully to protect the rights of parties litigating, all their communications with counsel are held to be privileged. Evidence of this character

40 *

has always been excluded, and the rule has been so broad as to exclude all admissions thus made.    Another instance of exclusion of testimony is that of an offer of one party to another to pay a sum of money, or other valuable consideration, with a view to a compromise of the matter in controversy.    It must be permitted to men to endeavor to buy their peace, without being prejudiced by a rejection of their offers. Hence, evidence of such offers or proposals is irrelevant, and they are not to be taken as admissions of the legal liability of the party making them.    But here a distinction exists between the cases of an offer to pay money to settle a controversy, and an admission of particular facts, connected with the case, made by a party pending a negotiation for a compromise.    The more convenient rule might have been that which is applicable to communications between client and attorney, excluding, as testimony, every thing communicated in this relation ; which rule, if applied here, would exclude every admission made during the interview which was had for such compromise.    To some extent this rule was attempted to be introduced, excluding all admissions of the parties, even admissions of particular facts, where it appeared that they were expressly stated at the time " to be made without prejudice."    But the exception was soon introduced, that the evidence was competent where it was the admission of a collateral fact.    *Waldridge* v. *Kennison*, 1 Esp. R. 143.    And the rule seems now very generally settled, and sanctioned by authority, that evidence of the admission, by a party, of any independent fact, is admissible, though made under treaty of compromise.    Greenl. on Ev. § 192.    It has been directly so held in this Commonwealth, in the cases of *Marsh* v. *Gold*, 2 Pick. 290, and *Gerrish* v. *Sweetser*, 4 Pick. 374.    To these authorities may be added *Fuller* v. *Hampton*, 5 Connect. 416. *Murray* v. *Coster*, 4 Cow. 635.    *Sanborn* v. *Neilson*, 4 N. Hamp. 501.

The right now given by the laws of this Commonwealth to any party to draw from his adversary in a suit at law, through the instrumentality of a bill of discovery, an admis-

sion of all facts known to him, which may be useful to the cause, has rendered this whole matter of much less practical importance ; for, if excluded as an admission made pending a compromise, they may be drawn from the party through the medium of a bill of discovery. So far, therefore, as relates to the evidence offered of admissions of particular facts by the defendant, as that he had sold the property in controversy, and that a demand had been made on him for the same, these are clearly admissions and declarations not protected by the rule excluding offers by way of compromise.

In connexion with this evidence, there was admitted a portion of the conversation between the parties, of a more doubtful character, in which the plaintiff said, " I suppose you would do better by me than you offered yesterday." If these words were introduced as evidence disconnected with the other facts stated, they would be properly excluded ; certainly, if it was proposed to have the jury infer from them that the defendant had made to the plaintiff an offer to adjust their controversy, by payment to him of money, or other valuable consideration. But, although irrelevant, we do not think they were, under the circumstances, so far objectionable as to require the verdict to be set aside for this cause. They were introduced in connexion with other words proper to be admitted as evidence. So also, when closely examined, they will not be found to contain any admission that the defendant had ever offered to pay the plaintiff any thing. They would be entirely consistent with a mere offer by the defendant to adjust the matter upon the plaintiff's withdrawing his suit. They are, perhaps, also, to be taken as the words of the plaintiff, and without being assented to by the defendant. We do not deem them of such a character, or so material, as to justify or require us to order a new trial.

*Exceptions overruled.*