## WELSH *v.* CUTLER.

Money won at play can not be recovered back by the loser, because the parties are *in pari delicto.*

IN ASSUMPSIT. The count was for money had and received by the defendant to the plaintiff's use. In his specification the plaintiff claimed various sums received by the defendant at several times, from October 2, 1858, to July 16, 1860, amounting to $1,784. The defendant pleaded the general issue.

The plaintiff stated his action to be brought for the recovery of the several sums set forth in his specification, amounting to $1,784, which he alleged, and expected to prove, were won by the defendant from him by gaming, and were paid by the plaintiff, and received by the defendant wholly on that account and no other.

The defendant objected that no action could be maintained for money won by gaming, and paid over to the winner; but the court overruled the objection, and the defendant excepted; and thereupon the question arising on said exception was reserved for decision at the law term.

*Towle*, for the plaintiff, contended that the action would lie, and that, under our statute, the parties can not be regarded as *in pari delicto;* and he cited *Brandon* v. *Pate*, 2 H. Bl. 308; *Carter* v. *Abbott*, 1 B. & C. 444; 2 D. & R. 575; *Bones* v. *Booth*, 2 Wm. Black. 1226; 1 Saund. Pl. & Ev. 329.

*Wood*, for the defendant, cited *White* v. *Hunter*, 23 N. H. 128; *Babcock* v. *Thompson*, 3 Pick. 446; *West* v. *Holmes*, 26 Vt. 530; *Sackett* v. *Davis*, 3 McLean 100; *Hickerson* v. *Benson*, 8 Miss. 8; *Allen* v. *Dodd*, 4 Humph. 131; *Higdon* v. *Head*, 14 Geo. 255; *Weyburn* v. *White*, 22 Barb. 82; *Green* v. *Godfrey*, 44 Me. 25.

BELLOWS, J. It must be regarded as well settled that where, in reference to any act or contract the parties are *in pari delicto*, courts

of law will leave them to adjust their unlawful concerns as they may, and will not lend their aid to enforce any claims arising therefrom, upon the maxim that in such cases *potior est conditio defendentis.* *White* v. *Hunter,* 23 N. H. 128; *Robey* v. *West,* 4 N. H. 285; *Perkins* v. *Eaton,* 3 N. H. 152; *Clark* v. *Gibson,* 12 N. H. 386; *Hawsen* v. *Hancock,* 8 T. R. 575.

The only question is whether, in the case of money won at play, the parties are to be regarded as coming within this rule or not. In *Browning* v. *Morris,* Cowp. 790, Lord *Mansfield* pointed out the distinction between the cases where the parties are and are not *in pari delicto ;* holding that they are not, where the contracts or transactions are prohibited by positive statutes, for the sake of protecting one set of men from another set of men, the one from their situation and condition being liable to be oppressed or imposed upon by the other; and he instances the laws against usury, and to prevent bad practices upon bankrupts who have not obtained their certificates ; and this distinction is recognized in *Worcester* v. *Eaton,* 11 Mass. 368.

Gaming is clearly unlawful and immoral, leading to idleness, dissipation, and the ruin of families. Rev. Stat., ch. 113, sec. 4; Fonbl. Eq., B. 1, ch. 4, sec. 6; 1 Story Eq., sec. 303. And we think that both the winner and loser are, unless there be cheating, equally guilty. In both there is the same disregard of the law and the dictates of morality, and each has the same purpose of winning the money of the other. The difference is only in the fortune or the skill which determines the game. In this respect it is substantially like wagers, where it is uniformly held that the parties are *in pari delicto,* and consequently courts of law will not aid either. Fonbl. Eq., B. 1, ch. 4, sec. 6; 2 Kent Com. 467, and note ; *McCullum* v. *Gourlay,* 8 Johns. 147 ; *Bent* v. *Place,* 6 Conn. 431; *West* v. *Holmes,* 26 Vt. 530 ; 2 Smith's L. C. (5th ed.) 305, 309 ; *Hawes* v. *Hancock,* 8 T. R. 575; and so are *Perkins* v. *Eaton,* 3 N. H. 152, and *Clark* v. *Gibson,* 12 N. H. 386. The same doctrine is applied in the case of a gaming policy of insurance. *Lowry* v. *Bordieu,* Doug. 468, and *Browning* v. *Morris,* Cowp. 790 ; and also where money was paid to compound a felony; *Worcester* v. *Eaton,* 11 Mass. 363 ; or for illegal insurance ; *Andree* v. *Fletcher,* 3 T. R. 266 ; *Lubbock* v. *Potts,* 7 East 449 ; *Orne* v. *Bruce,* 12 East 225 ; *Morck* v. *Abel,* 3 B. & P. 36. In *Bosanquet* v. *Dashwood,* Cases Temp. Talbot 41, the parties in a case of gaming were held to be equally criminal, and relief was refused ; and the same principle was applied, after a full review of the authorities, where money was lent to game with ; holding that it could not be recovered back. See *Kimball* v. *Robinson,* 3 M. & W. 434. In *Babcock* v. *Thompson,* 3 Pick. 456, it was decided that money won at gaming, whether by fair or foul play, can not be recovered back ; and a similar doctrine was held in *Adams* v. *Barrett,* 5 Geo. 404.

Upon these principles and authorities our conclusion is, that the parties to a gaming transaction stand *in pari delicto,* and therefore will not be aided by courts of law to recover money won in that way. Nor do we see any ground for holding that the illegality

arises from the provisions of positive law, designed to protect one class of men from another; or, in other words, to protect the loser from the winner ; for, independent of any statute provisions, gaming is both immoral and contrary to public policy.

The exceptions are therefore sustained, and there must be

*Judgment for the defendant.*