PHILIP LEONARD *vs.* EDWARD P. TRAVIS & another.

The payment of money by a debtor, by request of his creditor, for the purpose of compounding a felony with which the latter was charged, is a good defence to a subsequent action by the latter against the former, to recover the amount so paid.

CONTRACT brought to recover $11, as the balance due on an account annexed. The defence was payment.

At the trial in the superior court, before *Russell*, J., there was evidence tending to show that Sidney Nason, a clerk of the defendants, had caused the plaintiff to be arrested on a charge of embezzlement, and afterwards procured his discharge; that on the day after his discharge the plaintiff gave to Nason a receipt for the eleven dollars due from the defendants, receiving in fact but three dollars in money, and taking from Nason a receipt for eight dollars, " for costs of prosecution." The bill of exceptions recited that " there was no evidence as to the manner of the settlement of the prosecution, or of the disposition of said eight dollars, paid by the defendants at the order of the plaintiff to said Nason."

The plaintiff contended that the prosecution was unlawfully settled; and, at his request, the judge instructed the jury that, " if the defendants retained the eight dollars in accordance with

their request, for Nason to settle a criminal prosecution, knowing the same to be in settlement of such a prosecution, the contract was illegal and no payment."

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*J. W. Bacon*, for the defendants.

*M. Davis*, for the plaintiff.

METCALF, J. The facts in this case, as is to be inferred from the evidence at the trial, and the verdict which was returned under the instructions given to the jury, were these: The defendants owed the plaintiff eleven dollars, and they paid him three dollars, and, by his order, paid the remaining eight to Sidney Nason for the purpose of compounding a felony with which the plaintiff was charged, and for which he had been arrested, the defendants having requested Nason to compound the alleged felony, and having knowledge that their payment to him, on the plaintiff's order, was made for that purpose.

On these facts, there is no ground, legal or moral, on which the plaintiff has any claim upon the defendants. The parties are *in pari delicto*, and, the illegal contract being executed, each must remain in his present condition. The defendants are no longer the plaintiff's debtors for the eight dollars which they have applied as he wished and directed. If he had paid that amount to Nason with money in his own hands, he could not have recovered it back. *Worcester* v. *Eaton*, 11 Mass. 368. 2 Comyn on Contracts, (1st ed.) 109 *& seq.* If they had refused to pay to Nason, on the plaintiff's order, the plaintiff might forthwith have sued them for what they owed him, and they could not have defended by showing that he would apply the money, if recovered, to an unlawful and criminal purpose. Such a defence, if ever attempted, never prevailed. Nor can the defendants recover back from Nason the money which they paid to him for the plaintiff.

A debtor violates the law by paying the debt on Sunday. So does the creditor, by receiving it on that day; but he cannot enforce a second payment. *Johnson* v. *Willis*, 7 Gray, 164. Nor can the debtor recover back what he has thus paid.

*Exceptions sustained.*