### JOSEPH G. MUDGETT *vs.* SELDON MORTON.

*Intoxicating liquors sold by one not licensed—money paid for not recoverable back.*

Neither by the common law, nor by any statute in this State, can a person who has purchased intoxicating liquors of one not licensed to sell them, and who has paid for and received them, recover back the money paid therefor, when no element of oppression or deceit enters into the case.

BARROWS, J.   The plaintiff claims that he bought a barrel of whiskey of the defendant, and that as defendant violated the law

in selling it to him, he can recover, in this suit, the cash and the value of the other articles which he delivered to defendant in payment for it. Assuming that such were the facts, we think the plaintiff cannot prevail.

Although he incurred no penalty under this statute, yet he was privy to and aided in the commission of the defendant's offense, which could not have been completed without his aid. The law will not lend its aid to one thus implicated in a traffic prohibited by statute, so.as to enable him to recover the consideration which he voluntarily parted with to induce his neighbor to violate the law.

'By the common law,' remarks Shepley, C. J., in *Ellsworth* v. *Mitchell*, 31 Maine, 251, ' a person who has purchased intoxicating liquors of one not licensed to sell them, and who had received and paid for such liquors, could not recover back the money so paid.'

Some of the earlier statutes of this State, designed to restrict the sale of intoxicating liquors, expressly authorized such a recovery. But those provisions were abrogated many years since, were not renewed in the prohibitory law of 1858, or in any subsequent enactment, and the case is left to be settled by common-law principles.

Observing the distinction between executed and executory contracts, and between acts made unlawful by statute to protect the ignorant and unwary from oppression and extortion, and those which are prohibited because they are against public policy, we find, that while the illegality of the consideration may be set up in defense to a contract so long as it is executory, it will in general afford no ground for recovering back that consideration after it has passed, when no element of oppression or deceit enters into the case, and the act is prohibited as against public policy, as it is here. *Lowry* v. *Bordieu*, Doug. 468; *Smith* v. *Bromley*, Doug. 697 in notes; *Worcester* v. *Eaton*, 11 Mass. 368.

The evidence here shows nothing like extortion or imposition. Apparently one rumseller bought a barrel of whiskey of another rumseller and paid him for it. As between those two men, the

law and the court will leave the transaction where the acts of the parties left it.                                    *Judgment for Defendant.*

APPLETON, C. J.; CUTTING, KENT, and WALTON, JJ., concurred.

*T. W. Vose*, for the plaintiff.

*N. H. Hubbard*, for the defendant.